UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DIMARIS BARRIOS-BELTRAN, <br> Plaintiff, <br><br> v. <br><br> AMHERST COLLEGE and <br> VICTORIA MAILLO, <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 3:16-cv-10016-MGM |

## ANSWER OF DEFENDANT VICTORIA MAILLO
## TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Victoria Maillo ("Maillo") responds to the First Amended Complaint of Plaintiff Dimaris Barrios-Beltran ("Plaintiff"), as follows:

### Parties

1. Maillo lacks sufficient knowledge to admit or deny the allegation, and calls upon Plaintiff to prove the same at trial.

2. Admitted.

3. Admitted.

### Facts

4. Maillo admits that Plaintiff was employed by Amherst College ("Amherst") as a Spanish Department lecturer beginning in the Fall 2012 semester. Maillo denies the second sentence in Paragraph 2. The third sentence purports to pertain to a document, which speaks for itself.

5. Denied.

6. Denied.

7. Denied.

8. Maillo denies Plaintiff's characterization of the work environment in the Spanish Department as "conflictive and hostile" as alleged. Maillo lack sufficient knowledge to admit or deny the remainder of the allegations, and calls upon Plaintiff to prove the same at trial.

9. Maillo lacks sufficient knowledge to admit or deny the allegations, and calls upon Plaintiff to prove the same at trial. To the extent that an answer is required, Maillo denies all allegations concerning Maillo's alleged conduct with respect to the teaching assistant, and Maillo denies all alleged statements attributed to her.

10. Maillo lacks sufficient knowledge to admit or deny the allegations, and calls upon Plaintiff to prove the same at trial. To the extent that an answer is required, Maillo denies all allegations concerning Maillo's alleged conduct with respect to teaching assistants.

11. Maillo admits that Utes Brandes was the Chair of the Spanish Department, and was both Plaintiff's and Maillo's supervisor. Maillo denies the allegations in the last sentence in Paragraph 11, and specifically denies ever retaliating against Plaintiff. Maillo lacks sufficient knowledge to admit or deny the remainder of the allegations, and calls upon Plaintiff to prove the same at trial.

12. Maillo lacks sufficient knowledge to admit or deny whether Plaintiff "continuously complained to Ms. Brandes" about Maillo's alleged conduct, and calls upon Plaintiff to prove the same at trial. To the extent that an answer is required, Maillo denies all allegations concerning her alleged conduct, and specifically denies retaliating against Plaintiff.

13. Denied.

14. Denied.

15. Maillo denies all allegations concerning retaliation against Plaintiff. Maillo lacks sufficient knowledge to admit or deny the remainder of the allegations, and calls upon Plaintiff to prove the same at trial.

16. Maillo lacks sufficient knowledge to admit or deny the allegations, and calls upon Plaintiff to prove the same at trial.

17. Maillo admits meeting with Plaintiff to discuss Plaintiff's classes, including the Spanish for Heritage Speakers class. Maillo denies the remainder of the allegations.

18. Maillo admits submitting a written evaluation of Plaintiff's performance as requested by Amherst as part of Plaintiff's reappointment process. The written evaluation speaks for itself. Maillo denies all allegations concerning discrimination, retaliation, and harassment. Maillo lacks sufficient knowledge to admit or deny the remainder of the allegations, and calls upon Plaintiff to prove the same at trial.

19. Maillo lacks sufficient knowledge to admit or deny the allegations, and calls upon Plaintiff to prove the same at trial.

20. Maillo denies all allegations concerning her alleged conduct, and specifically denies that Maillo "directly interfered" with Plaintiff's class enrollment numbers and denies that Maillo "encouraged students not to take Plaintiff's classes and made negative, derogatory, comments regarding the Plaintiff's teaching ability" to cause students not to enroll in Plaintiff's classes. Maillo lacks sufficient knowledge to admit or deny the remainder of the allegations, and calls upon Plaintiff to prove the same at trial.

21. Maillo lacks sufficient knowledge to admit or deny the allegations, and calls upon Plaintiff to prove the same at trial. Further, the allegation purports to pertain to a document, which speaks for itself.

22. Maillo lacks sufficient knowledge to admit or deny the allegations, and calls upon Plaintiff to prove the same at trial.

23. Maillo lacks sufficient knowledge to admit or deny the allegations, and calls upon Plaintiff to prove the same at trial.

24. Maillo denies all allegations concerning sexual harassment, hostile work environment, and retaliation. Maillo lacks sufficient knowledge to admit or deny the remainder of the allegations, and call upon Plaintiff to prove the same at trial.

25. Maillo denies all allegations concerning retaliation and discrimination. Maillo lacks sufficient knowledge to admit or deny the remainder of the allegations, and calls upon Plaintiff to prove the same at trial.

26. Maillo lacks sufficient knowledge to admit or deny the allegations, and calls upon Plaintiff to prove the same at trial.

27. Denied.

28. Denied.

29. Denied.

30. Upon information and belief, Maillo admits that Plaintiff's employment with Amherst reportedly ended in the Spring of 2015.

31. Denied.

32. Upon information and belief, Maillo admits that Plaintiff's employment with Amherst reportedly ended in the Spring of 2015.

33. Denied.

34. Maillo admits that Plaintiff filed a Charge of Discrimination with state and federal agencies. The remainder of the allegations state a legal conclusion, for which no answer is required.

## Count I
## M.G.L. c. 151B – Retaliation/Wrongful Termination

35. Maillo repeats and incorporates by reference all responses to all prior Paragraphs, as if each were fully set forth herein.

36. Denied.

37. Denied.

38. Denied.

## Count II
## M.G. L. c. 151B – National Origin Discrimination

39. Maillo repeats and incorporates by reference all responses to all prior Paragraphs, as if each were fully set forth herein.

40. Denied.

41. Denied.

42. Denied.

## Count III
## Title VII - Retaliation

43. Maillo repeats and incorporates by reference all responses to all prior Paragraphs, as if each were fully set forth herein.

44-47. Count III pertains solely to Amherst, and no response is required by Maillo. To the extent that a response is required, Maillo denies all allegations concerning Maillo's alleged conduct, and specifically denies any sexual harassment, retaliation, or discrimination.

## Count IV
## Title VII – National Origin Discrimination

48. Maillo repeats and incorporates by reference all responses to all prior Paragraphs, as if each were fully set forth herein.

49-51. Count IV pertains solely to Amherst, and no response is required by Maillo. To the extent that a response is required, Maillo denies all allegation concerning Maillo's conduct, and specifically denies any sexual harassment, retaliation, or discrimination.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Amended Complaint fails to state a claim upon which relief can be granted because Plaintiff fails to state actionable claims for discrimination or retaliation against Maillo.

### Second Affirmative Defense

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations, and Plaintiff states no basis for tolling or extending the applicable deadlines.

### Third Affirmative Defense

Plaintiff's claims are barred by waiver or estoppel.

### Fourth Affirmative Defense

Plaintiff's claims are barred in whole or in part by failure to mitigate damages claimed.

### Fifth Affirmative Defense

Plaintiff fails to establish any loss or damage caused by the actions of Maillo.

### Sixth Affirmative Defense

To the extent Plaintiff suffered loss or damage, such loss or damage was caused by a third-party for which Maillo is not responsible.

### Seventh Affirmative Defense

Plaintiff's claims are barred in whole or in part by Plaintiff's own conduct.

### Eighth Affirmative Defense

Maillo did not cause Amherst not to reappoint Plaintiff in 2015, and Maillo was not responsible for the reappointment decision concerning Plaintiff.

### Ninth Affirmative Defense

Maillo did not retaliate against Plaintiff with respect to Plaintiff's employment with Amherst.

### Tenth Affirmative Defense

Maillo did not engage in any unlawful sexual harassment while employed by Amherst.

### Eleventh Affirmative Defense

Maillo did not engage in intentional discrimination or harassment of Plaintiff because of Plaintiff's national origin or ethnicity.

### Twelfth Affirmative Defense

Maillo did not subject Plaintiff to any adverse employment action.

### Thirteenth Affirmative Defense

Maillo at all times acted in good faith and consistent with legitimate academic interests with respect to matters involving Plaintiff.

### Fourteenth Affirmative Defense

Maillo is not personally liable or responsible for any employment decisions taken by Amherst with respect to Plaintiff.

### Fifteenth Affirmative Defense

Plaintiff's claims are barred in whole or in part by Plaintiff's own personal animus towards Maillo.

### Sixteenth Affirmative Defense

Plaintiff fails to prove any emotional distress caused directly by the conduct of Maillo.

Maillo reserves the right to supplement or amend all Affirmative Defenses as discovery proceeds in this action.

### REQUEST FOR RELIEF

**WHEREFORE**, Defendant Victoria Maillo respectfully requests this Honorable Court to:

1. Dismiss the Amended Complaint with prejudice;

2. Enter judgment against Plaintiff on all Counts of the Amended Complaint;

3. Award fees and costs incurred in defending this action; and,

4. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

**VICTORIA MAILLO,**

By her attorneys,

/s/ Peter F. Carr, II
Peter F. Carr, II (BBO # 600069)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
Two International Place, 16th floor
Boston, Massachusetts 02110
617.342.6800
617.342.6899 (facsimile)
pcarr@eckertseamans.com

Date: May 19, 2016

## CERTIFICATE OF SERVICE

      I, Peter F. Carr, II, Esquire, certify that on this date this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to the non-registered participants.


Date: May 19, 2016        /s/ Peter F. Carr, II  
                                       Peter F. Carr, II