UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DIMARIS BARRIOS-BELTRAN,

               Plaintiff,

v.

AMHERST COLLEGE and VICTORIA
MAILLO,

               Defendants.

Civil Action No.: 3:16-cv-10016-
MGM

## **CONFIDENTIALITY AGREEMENT**

Discovery in this case may require the disclosure of documents and information regarded

by the producing party as confidential, including non-party student and employee records,

proprietary information, and medical information.  Accordingly, the plaintiff, Dimaris-Barrios-

Beltran, and the defendants Amherst College ("Amherst" or the "College") and Victoria Maillo

(referred to individually as a "Party" and collectively as the "Parties") hereby enter into this

Confidentiality Agreement  (""Confidentiality Agreement" or "Agreement") and agree as

follows:

1.      **Designation**.  Any document, testimony, tangible item or other information provided

by a Party, which that Party contends contains confidential or proprietary information entitled to

protection (the "Confidential Materials"), may be designated as "CONFIDENTIAL" at the discretion

of the producing Party, and, except as permitted by further order of this (or an appropriate appellate)

Court, the Confidential Materials shall be received by counsel of record for the other Parties upon

the terms and conditions of this Agreement.

2.      **How to Designate**.  The following categories of documents may be designated as

Confidential subject to the terms of this Agreement:  (1) student records; (2) non-party employee

records of a private or sensitive nature; (3) health or medical records; and (4) proprietary business

records, in the following ways:

(a)     In the case of documents and the information contained therein, by placing on the document the legend "CONFIDENTIAL."

(b)     In the case of interrogatory answers and the information contained therein, by placing on the cover sheet and pages containing the confidential information the legend "CONFIDENTIAL."

(c)     In the case of tangible items, by visibly marking the item "CONFIDENTIAL."

(d)     In the case of Confidential Materials produced or furnished by an individual or entity during a deposition and/or in response to deposition subpoena, counsel for the Parties may designate, on the record, the portion of the deposition which he or she believes may contain confidential information.  Deposition exhibits may, as necessary, also be marked as "CONFIDENTIAL" and designated as such on the record.  A deponent who is not a Party to the litigation shall be furnished a copy of this Order before being examined upon potentially Confidential Materials, and receive instructions as set forth in paragraph 7.

3.      **Timing of Deposition Designations**.  Each Party shall have thirty (30) days after receipt of the deposition transcript within which to inform the other Party to the action of those portions of the transcript to be designated as "CONFIDENTIAL" referring to specific page and line numbers.  Except by agreement of the Parties or further order of the Court, the right to make such designations shall be waived unless made within the thirty (30) day period.  Prior to expiration of the thirty (30) day period, the entire deposition transcript shall be deemed as "CONFIDENTIAL."  Transcripts of testimony, portions thereof or Exhibits, containing Confidential Materials shall be filed only as described in paragraph 12 until further order of the Court.

4.      **Treatment of Confidential Materials**.  All Confidential Materials shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner, either directly or indirectly, to any person not authorized to receive the information under the terms of paragraphs 5 and 6 of this Agreement.

5.      **Disclosure of Confidential Materials**.  Except as permitted by further order of this Court, the disclosure of materials marked "CONFIDENTIAL," including summaries and extracts thereof, shall be for the sole purpose of this litigation only and in accordance with the remaining terms of this Agreement, and shall be limited to the following:

(a)     the Parties' respective outside counsel of record and in-house counsel, and the attorneys and staff who work with them on this litigation;

(b)     court reporters and stenographers, and outside vendors used for copying, electronic discovery support, and similar services rendered in connection with the litigation;

(c)     judges, law clerks and clerical personnel of the Court before which this litigation is pending;

(d)     consultants or experts, retained by counsel for any of the Parties, in accordance with the procedures set forth in paragraph 7;

(e)     each Party, and each Party's respective officers and employees (or former officers and employees if such were current officers and employees at the time of the allegations made in this litigation) as directed by the attorney for the Party;

(f)     persons and/or entities to whom disclosure of Confidential Materials is not otherwise permitted pursuant to this section 5, who are deposed or have been identified as trial witnesses in this litigation.

6.      **Confidential Materials to Clients**.  Counsel may discuss with their clients the substance of Confidential Materials and provide them copies thereof, on the explicit condition that counsel advise their clients that the information is subject to this Confidentiality Agreement, that they may not disclose to anyone else, and that they must comply with procedures set forth in paragraph 7.

7.      **Informing Others of Confidentiality Agreement**.  All individuals to whom Confidential Materials are to be disclosed shall be informed of the existence of this Confidentiality Agreement, provided with a copy of it, and instructed that Confidential Materials or information may not be used other than in connection with this litigation and may not be disclosed to anyone other

than those persons specified by this Agreement.  Without limiting the foregoing, the instruction must make clear that the recipient of Confidential Information: (i)  understands that he/she is bound by the Confidentiality Agreement and must comply fully with its terms; (ii) shall not disclose Confidential Materials to or discuss Confidential Materials with any person who is not authorized pursuant to the terms of this Confidentiality Agreement to receive the disclosure thereof; (iii) shall not use Confidential Materials for any purposes other than for the purpose of this litigation; and (iv) is aware that contempt sanctions may be entered for violation of this Confidentiality Agreement.

8.      **Inadvertent Production Without Designating as Confidential**.  If, through inadvertence, a producing Party provides any Confidential Materials pursuant to this litigation without marking them as "CONFIDENTIAL," the producing Party subsequently may inform the receiving Party of the confidential nature of the disclosure, and the receiving Party shall mark the Confidential Materials as "CONFIDENTIAL," and treat them accordingly upon receipt of written notice from the producing Party.

9.      **Use of Confidential Materials**.  Notwithstanding paragraphs 1 through 8 above, Confidential Materials shall not be used or disclosed, directly or indirectly, for any purpose other than the prosecution or defense of this litigation.

10.      **Disputes Concerning Designation**.  Acceptance by a Party of Confidential Materials designated as "CONFIDENTIAL" shall not constitute a concession that the Confidential Materials were designated properly.  Any Party may contest a claimed designation.  If a receiving Party disagrees with the designation of any material as "CONFIDENTIAL," the Parties shall first try to resolve such dispute on an informal basis by informing opposing counsel of the basis of the objection within thirty (30) business days of the notification.  If counsel cannot agree, the dispute may be presented to the Court by any Party by motion or otherwise, and the Confidential Materials

shall retain their designated status until the matter is resolved.  The burden of establishing

confidentiality shall be on the Party who made the claim of confidentiality.

11.     **Examination of Materials**.  A Party may make available to counsel of record, for

examination purposes, documents and discovery materials that have not yet been marked as

Confidential Materials in order to allow counsel to determine which of those materials he or she

desires to have copied, further inspected, photographed, or examined.  Any documents made

available for examination in this manner shall be subject to this Agreement, and shall be treated in a

manner consistent with this Agreement if copies of the documents are later marked as provided by

this Agreement.

12.     **Notification Regarding Use of Confidential Material at Hearing or Trial**.

Nothing in this Agreement shall limit the use of any materials, including Confidential Materials, in

any court proceeding or submission, subject to the terms herein.  If a Party intends to file with the

court clerk (except in open court at the trial or during any hearing in this litigation) any document or

testimony that is subject to the protection of this Stipulated Protective Order, that Party shall so

notify counsel for the other Parties in writing no later than seven (7) business days prior to the date

of the intended submission, requesting their assent.  If the Parties are not in agreement concerning

the filing, the Party filing Confidential Materials shall file a motion for impoundment.

13.     **Use of Confidential Material**.  All objections as to admissibility into evidence of the

discovery material subject to this Confidentiality Agreement are reserved until trial of this case.  In

the event that any Confidential Material is used in any Court proceeding in connection with this

litigation, it shall not lose its confidential status through such use, and the Parties shall take all steps

reasonably required to protect its confidentiality during such use.  The use of Confidential Materials

as evidence at the trial of this case shall be subject to a further order of the Court as, at the time, may be reasonably necessary to preserve the confidentiality of the material involved.

14.    **Privilege and Work Product**.  This Confidentiality Agreement shall not prejudice the rights of any Party to oppose production of any discovery on other grounds, including, but not limited to, attorney-client privilege or work product.  If, through inadvertence, a producing Party provides privileged information to the receiving Party, the producing Party may subsequently inform the receiving Party in writing of the privileged nature of the disclosed information, and the receiving Party shall promptly return the disclosed information and destroy all copies.

15.    **Copies of Confidential Materials**.  Counsel of record shall ensure that all copies of Confidential Materials remain within their possession or the possession of those entitled to access to the Confidential Materials under paragraphs 5, 6 and 7 of this Confidentiality Agreement.

16.    **Materials Obtained Outside Discovery**.  Nothing in this Agreement shall impose any restrictions on the use or disclosure by a Party of material obtained independently of discovery in this action, whether or not those materials are also obtained by discovery in this action, or from disclosing a Party's own Confidential Materials as that Party deems appropriate.

17.    **Binding Agreement**.  The terms and provisions of this Confidentiality Agreement shall not terminate at the conclusion of this litigation, but rather shall survive the conclusion thereof and shall continue to be binding upon all the Parties herein and their respective counsel, until modified, terminated, or superseded by consent of the Parties or by further order of the Court.

18.    **Modification by the Court**.  This Confidentiality Agreement may be modified by the Court upon application by a Party, with notice.

19.    **Agreement to be Bound**.  The Parties hereto agree to be bound by the terms of this Confidentiality Agreement regardless of when or whether it is entered by the Court.

Respectfully Submitted,

DIMARIS BARRIOS-BELTRAN,

By her Attorneys,


*/s/Sarah A. Ornelas*
Sarah A. Ornelas (BBO No. 670387)
O'Connell & Plumb, P.C.
75 Market Place
Springfield, MA  01103
(413) 733-9111

Respectfully Submitted,

AMHERST COLLEGE,

By its attorneys,

*/s/Paul G. Lannon, Jr.*
Paul G. Lannon, Jr. (BBO No. 563404)
*paul.lannon@hklaw.com*
Ari Zivyon (BBO No. 672358)
*ari.zivyon@hklaw.com*
Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

Dated:  July 13, 2016

Respectfully Submitted,

VICTORIA MAILLO,

By her attorneys,

*/s/Peter F. Carr*
Peter F. Carr, II (BBO No. 600069)
*PCarr@eckertseamans.com*
ECKERT SEAMANS CHERIN &
MELLOTT, LLC
Two International Place, 16th Floor
Boston, MA 02110
(617) 342-6857

#46788180_v4